SCOFIELD, Collector of Internal Revenue, v. WEISS.

No. 10417.

Circuit Court of Appeals, Fifth Circuit.

Nov. 30, 1942.

Wm. B. Waldo and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Ben F. Foster, U. S. Atty., and J. M. Burnett, Asst. U. S. Atty., both of San Antonio, Tex., for appellant.

George G. Witter, of Los Angeles, Cal., for appellee.

Before HUTCHESON, and McCORD, Circuit Judges, and KENNERLY, District Judge.

HUTCHESON, Circuit Judge.

The suit was for refund of gift taxes paid on gifts of shares of corporate stock. The claim was that, though the original issue of stock was the separate property of the donor, the gift shares in question, having been issued as stock dividends to the donor during the existence of the community of himself and wife, were not separate but community property, and the payment of gift taxes on all instead of half of them was an overpayment.

The defense was that the dividend shares took the character of the shares on account of which they were declared and were, therefore, separate property. The facts were stipulated.[1]

The district judge, agreeing with the plaintiff that the shares were community property and that the gift was, therefore, not of the whole but of one-half thereof, sustained the taxpayer's claim and gave judgment accordingly. The collector has

---

[1] Summarized, they are: Ignatz Weiss was one of the principal stockholders in the Popular Dry Goods Company, a Texas corporation, prior to his marriage on June 15, 1917. On the latter date he was married in El Paso, Texas, and continuously lived with the woman he married as husband and wife in the State of Texas until his death in 1935. During all of the period from 1917 to 1935 Weiss devoted substantially all of his time and efforts to the business of this corporation. During the period from 1917 to 1924 the corporation accumulated substantial earnings from which a stock dividend was declared, of which Weiss received 2,900 shares. In 1933 he made a gift of 390 shares of this stock dividend stock to his children and paid a gift tax on the 390 shares as though the full 390 shares were his separate property. In 1935 he transferred 434 shares of this stock dividend stock to his wife and paid a gift tax on the full 434 shares as though the total 434 shares were his separate property.

632

appealed, asserting here (1) that the shares were separate property and (2) that if community property, the gift of them by the husband was of all and not merely of his half of them.

 Agreeing with the first contention of the collector that the shares were the separate property of the donor and that because they were there was no gift tax overpayment, we pass without consideration his second contention. It seems to be conceded, but if not, it is well settled that an original issue of corporate stock, which was separate property when issued to the husband, retains its separate character, no matter how much it increases in value as a result of surplus accumulated out of the earnings of the corporation. Commissioner v. Skaggs, 5 Cir., 122 F.2d 721; O'Connor v. Commissioner, 5 Cir., 110 F.2d 652. And this is so, though the increased value is largely due to the efforts and activities of the husband as managing officer of the corporation, Beals v. Fontenot, 5 Cir., 111 F. 2d 956. It is equally well settled that dividends paid in cash or property during the existence of coverture out of the earnings of a corporation on account of stock, the separate property of either spouse, are community property. The claim of the taxpayer here is that stock dividends paid during coverture are the same in actual and legal effect as cash or property dividends so paid, and are, therefore, community property. Entirely apart from the weight given by the decisions of the Supreme Court in Eisner v. Macomber, 252 U.S. 189, 40 S. Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570, and Koshland v. Helvering, 298 U.S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756, to the conclusion, that the declaration of a stock dividend works no change in the corporate entity and does not increase the actual interest of the shareholder in the assets of the corporation but merely increases the number of the units by which his interest is represented, we think it clear that under the settled jurisprudence of Texas, 'separate ownership of stock in a corporation may not be converted in part into community ownership by the device of declaring stock dividends. If this were so, a wife owning stock in a successful and prospering corporation might find the protection of her separate ownership taken away overnight and her property subjected to the claims of her husband's community creditors at any time that the directors decided to declare stock dividends. Nor is it any answer to say that the directors can do this by declaring cash dividends, for the two are not the same. Declaration of cash dividends above a normal rate depletes the assets and affects the security and strength of the corporation. The declaration of stock dividends has no effect upon it. The corporation's assets remain the same. Its strength is unimpaired. In Beals v. Fontenot, we pointed out the prime necessity under the community system of sticking to the general rule established by the jurisprudence that property owned separately before marriage does not through the increase of value after marriage become, either as to the original or the increased value, property of the community. The community is not a partnership, nor may it be said that the community is a partner with other members of, or with, a corporation, in which one member of the community owns stock in his separate right, in such sense that his efforts and activities on behalf of the community can be regarded as having established a charge against, or an interest in favor of, the community in the shares of stock he separately owns.

The judgment is reversed, and the cause is remanded with directions to enter judgment for the defendant.