NUMBER 13-05-422-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







LUTHER FRED PEEK, III
, Appellant,


v.



AGNES SUE MEYERS, Appellee.





On appeal from the 23rd District Court


of Matagorda County, Texas.






CONCURRING MEMORANDUM OPINION



Before Chief Justice Valdez, Justice Rodriguez, and Justice Castillo


Memorandum Opinion by Justice Castillo


 By his original petition for divorce, appellant Fred Luther Peek sought a
disproportionate award of the community estate on grounds of fault and wasting of
community assets, among others. By her counter-petition, appellee Agnes S. Meyers
similarly sought a disproportionate distribution on the same grounds Peek advanced,
and attached a copy of an agreed protective order granted in her favor. See Tex. Fam.
Code Ann. § 85.005 (Vernon Supp. 2005). The protective order contains the trial
court's finding of fact that Peek committed acts constituting family violence. (1) 

 Evidence in the record indicating that one spouse verbally and physically abuses
the other spouse is a factor favoring a disproportionate award of the marital estate. 
Alsenz v. Alsenz, 101 S.W.3d 648, 655 (Tex. App.-Houston [1st. Dist.] 2003, pet.
denied) (citing Twyman v. Twyman, 855 S.W.2d 619, 625 (Tex. 1993)). During the
bench trial of this case, aside from marital discord and the conflict of personalities
between the couple during the marriage, Meyers testified with respect to specific
instances of family violence by Peek that resulted in her bodily harm. One incident
involved injury to Meyers' daughter. During cross-examination, Peeks admitted
specific acts of family violence. Because evidence of family violence is also a factor
favoring the disproportionate award and the standard for reversal of the trial court's
judgment is high, I concur with the judgment. See Alsenz, 101 S.W.3d at 655; see
also Vallone v. Vallone, 644 S.W.2d 455, 460 (Tex. 1982) ("The trial court's
discretion will not be disturbed on appeal unless a clear abuse has been shown.").

 ERRLINDA CASTILLO

 Justice


Concurring Memorandum Opinion delivered 

and filed this 3rd day of August, 2006. 
1. "Family violence" is defined as an act by a family member against another household member
that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that
reasonably places the member in fear of imminent injury or harm but does not include defensive
measures to protect oneself. See Tex. Fam. Code Ann. § 71.004(1) (Vernon 2002).