COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-07-456-CV

 

 

KEITH E. BECKNER                                                              APPELLANT

 

                                                   V.

 

GWENDYLLYN A. BECKNER                                                     APPELLEE

 

                                              ------------

 

           FROM THE 322ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Keith E. Beckner appeals from the final decree
divorcing him from Gwendyllyn A. Beckner. 
We modify the final decree and affirm it as modified.

                                          Reimbursement








In his first issue, Keith argues that the trial
court abused its discretion by awarding reimbursement in favor of Gwendyllyn=s
separate estate because the  evidence was
legally and factually insufficient to overcome the community property
presumption.  We agree.

Gwendyllyn=s
reimbursement claim concerned a rental house known as the Delta Court property,
which the parties purchased for cash in 1995. 
Both parties identified Delta Court as community property in their
inventories.  Gwendyllyn testified that
she withdrew approximately $35,000 from her 401(k) account and used that money
to fund part of Delta court=s
$47,000 purchase price.  She said that
Delta Court was worth $99,000 at the time of trial and asked for @at least
$35,0000 of that to go back to [her] separate estate.@

Keith testified that he withdrew $28,000 from his
401(k) account to partially fund the Delta Court purchase, and that after taxes
the amounts he and Gwendyllyn removed from their respective 401(k) accounts
equaled Delta Court=s purchase price.  He agreed that Gwendyllyn had withdrawn
$35,000 from her 401(k) account to fund the Delta Court purchase, and his only
comment on her reimbursement claim was, AI
disagree with that claim.  It looks to me
like she=s
claiming it twice in her inventory.@








The jury returned an advisory verdict of
$34,952.05 on Gwendyllyn=s reimbursement claim.  The trial court=s final
decree ordered the parties to sell Delta Court and ordered the community estate
to reimburse Gwendyllyn=s separate estate $34,952.05,
with each party to bear half of the reimbursement. The trial court also awarded
Keith=s
separate estate $9,967.00 from the community, again with each party to bear
half of the reimbursement.  Thus, the
decree awarded net reimbursement to Gwendyllyn=s
separate estate of $12,492.53, and the trial court rendered judgment in
Gwendyllyn=s favor for that amount.[2]








Property possessed by either spouse during or on
dissolution of marriage is presumed to be community property.  Tex. Fam. Code Ann. ' 3.003(a)
(Vernon 2006).  A party seeking
reimbursement for a benefit conferred on the community estate by the party=s
separate estate must prove that the benefit arose from a separate estate by
clear and convincing evidence.  See
id. ' 3.003(b)
(AThe
degree of proof necessary to establish that property is separate property is
clear and convincing evidence.@); Williams
v. Williams, No. 02‑04‑00230‑CV, 2005 WL 1244678, at *2
(Tex. App.CFort Worth May 26, 2005, no
pet.) (holding trial court erred by awarding reimbursement for real property
allegedly purchased with funds husband withdrew from 401(k) account because
husband did not demonstrate by clear and convincing evidence that 401(k) funds
were separate property).  Claims for
reimbursement are equitable claims falling within the discretion of the trial
court.  Vallone v. Vallone, 644
S.W.2d 455, 459 (Tex.1982); Zeptner v. Zeptner, 111 S.W.3d 727, 735
(Tex. App.CFort Worth 2003, no pet.) (op.
on reh=g).  An abuse of discretion does not occur as long
as some evidence of substantive and probative character exists to support the
trial court=s decision.  Butnaru v. Ford Motor Co., 84 S.W.3d
198, 211 (Tex. 2002).

There is no evidence in the record before us that
the funds Gwendyllyn withdrew from her 401(k) account were and remained her
separate property.  The only thing that
comes close is her single statement that she wanted $35,000 Ato go
back to [her] separate estate.@  She presented no evidence to show that the
401(k) account was itself her separate property or to trace the funds after she
withdrew them.  In Williams, the
husband seeking reimbursement offered significantly more evidence tracing the
funds he claimed were separate property, yet we held that he failed to overcome
the community property presumption by clear and convincing evidence.  Williams, 2005 WL 1244678, at *2B3.  In light of the record in this case, we hold
that Gwendyllyn failed to overcome the community property presumption by clear
and convincing evidence; therefore, the trial court abused its discretion by
awarding reimbursement to her separate estate. 
See id.  We sustain Keith=s first
issue.

Having sustained Keith=s first
issue, we need not reach his second issue, in which he argues that Gwendyllyn=s
reimbursement claim fails as a matter of law even if she overcame the community
property presumption.  See Tex. R.
App. P. 47.1.








                                           Child
Support

In his second issue, Keith argues that the trial
court=s final
written decree ordered Keith to pay child support in an amount different from
the amount the trial court orally pronounced at the conclusion of trial.

At the conclusion of trial on November 15, 2005,
the trial court orally pronounced on the record that Keith=s
support obligation for the parties= two
minor children was set at $1,450 per month, which is consistent with the
standard support guidelines for someone with a monthly net income of $5,828,
which the trial court stated was Keith=s net
income.  See Tex. Fam. Code Ann. ''
154.061, 154.125 (Vernon 2008).  On
October 16, 2006, the trial court signed a final decree of divorce finding that
Keith=s
monthly net income was $6,000 and ordering him to pay $1,500 per month in child
support, which again is consistent with the statutory guidelines for a person
with $6,000 in net income.








On November 10, 2006, Keith filed a motion to
modify, correct, or reform the judgment, asserting that the decree contained
several errors, but he did not identify the inconsistent net-income finding and
child support order as erroneous.  The
trial court signed a modified final decree on September 12, 2007.[3]  As in the original decree, in the corrected
decree the trial court found that Keith=s net
income was $6,000 per month and ordered him to pay $1,500 per month in child
support. 

To preserve a complaint for appellate review, a
party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling, if they are not
apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a); see also Tex.
R. Evid. 103(a)(1).  If a party fails to
do this, error is not preserved, and the complaint is waived.  Bushell v. Dean, 803 S.W.2d 711, 712
(Tex. 1991) (op. on reh=g).








From the partial record before us, it does not
appear that Keith ever brought to the trial court=s attention
by request, objection, or motion the discrepancy between the trial court=s oral
pronouncement on child support and the amount it ordered Keith to pay in both
the original and corrected decrees.  We
therefore hold that Keith waived the alleged error.  Moreover, Keith does not challenge the trial
court=s
explicit finding recited in both the original and corrected decree that his
monthly net income is $6,000.  Under the
family code guidelines, $1,500 is standard child support for someone who has
two children and who=s net income is $6,000 per
month.  See Tex. Fam. Code Ann. ' 154.125(b)
(setting child support for two children at 25% of obligor=s net
resources).  We overrule Keith=s third
issue.

                                             Conclusion

Having sustained Keith=s first
issue and overruled his third issue, we modify the corrected final decree of
divorce to delete the reimbursement award and judgment in favor of Gwendyllyn=s
separate estate for $12,492.50 and add a judgment in favor of Keith for
$4,983.50, and we affirm the decree as modified.  See Tex. R. App. P. 43.2(b).

 

 

ANNE
GARDNER

JUSTICE

 

PANEL:  CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

 

DELIVERED:  February 5, 2009











[1]See Tex. R. App. P. 47.4.





[2]The decree actually
grants a judgment in Gwendyllyn=s favor for $12,492.50, a difference of three
cents.





[3]The judge who signed the
corrected decree (Hon. Nancy Berger) was not the same judge who presided at
trial and signed the original decree and the order granting the motion to
correct the decree (Hon. Frank Sullivan).