

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-07-456-CV

KEITH E. BECKNER                                        APPELLANT

V.

GWENDYLLYN A. BECKNER                                   APPELLEE

------------

FROM THE 322ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Keith E. Beckner appeals from the final decree divorcing him from Gwendyllyn A. Beckner. We modify the final decree and affirm it as modified.

### Reimbursement

In his first issue, Keith argues that the trial court abused its discretion by awarding reimbursement in favor of Gwendyllyn's separate estate because the

---

[1] *See* Tex. R. App. P. 47.4.

evidence was legally and factually insufficient to overcome the community property presumption. We agree.

Gwendyllyn's reimbursement claim concerned a rental house known as the Delta Court property, which the parties purchased for cash in 1995. Both parties identified Delta Court as community property in their inventories. Gwendyllyn testified that she withdrew approximately $35,000 from her 401(k) account and used that money to fund part of Delta court's $47,000 purchase price. She said that Delta Court was worth $99,000 at the time of trial and asked for "at least $35,0000 of that to go back to [her] separate estate."

Keith testified that he withdrew $28,000 from his 401(k) account to partially fund the Delta Court purchase, and that after taxes the amounts he and Gwendyllyn removed from their respective 401(k) accounts equaled Delta Court's purchase price. He agreed that Gwendyllyn had withdrawn $35,000 from her 401(k) account to fund the Delta Court purchase, and his only comment on her reimbursement claim was, "I disagree with that claim. It looks to me like she's claiming it twice in her inventory."

The jury returned an advisory verdict of $34,952.05 on Gwendyllyn's reimbursement claim. The trial court's final decree ordered the parties to sell Delta Court and ordered the community estate to reimburse Gwendyllyn's separate estate $34,952.05, with each party to bear half of the reimbursement.

2

The trial court also awarded Keith's separate estate $9,967.00 from the community, again with each party to bear half of the reimbursement. Thus, the decree awarded net reimbursement to Gwendyllyn's separate estate of $12,492.53, and the trial court rendered judgment in Gwendyllyn's favor for that amount.[2]

Property possessed by either spouse during or on dissolution of marriage is presumed to be community property. Tex. Fam. Code Ann. § 3.003(a) (Vernon 2006). A party seeking reimbursement for a benefit conferred on the community estate by the party's separate estate must prove that the benefit arose from a separate estate by clear and convincing evidence. *See id.* § 3.003(b) ("The degree of proof necessary to establish that property is separate property is clear and convincing evidence."); *Williams v. Williams*, No. 02-04-00230-CV, 2005 WL 1244678, at *2 (Tex. App.—Fort Worth May 26, 2005, no pet.) (holding trial court erred by awarding reimbursement for real property allegedly purchased with funds husband withdrew from 401(k) account because husband did not demonstrate by clear and convincing evidence that 401(k) funds were separate property). Claims for reimbursement are equitable claims falling within the discretion of the trial court. *Vallone v. Vallone*, 644 S.W.2d 455, 459 (Tex.1982); *Zeptner v. Zeptner*, 111 S.W.3d

---

[2] The decree actually grants a judgment in Gwendyllyn's favor for $12,492.50, a difference of three cents.

3

727, 735 (Tex. App.—Fort Worth 2003, no pet.) (op. on reh'g). An abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

There is no evidence in the record before us that the funds Gwendyllyn withdrew from her 401(k) account were and remained her separate property. The only thing that comes close is her single statement that she wanted $35,000 "to go back to [her] separate estate." She presented no evidence to show that the 401(k) account was itself her separate property or to trace the funds after she withdrew them. In *Williams*, the husband seeking reimbursement offered significantly more evidence tracing the funds he claimed were separate property, yet we held that he failed to overcome the community property presumption by clear and convincing evidence. *Williams*, 2005 WL 1244678, at *2–3. In light of the record in this case, we hold that Gwendyllyn failed to overcome the community property presumption by clear and convincing evidence; therefore, the trial court abused its discretion by awarding reimbursement to her separate estate. *See id*. We sustain Keith's first issue.

Having sustained Keith's first issue, we need not reach his second issue, in which he argues that Gwendyllyn's reimbursement claim fails as a matter of

law even if she overcame the community property presumption.  *See* Tex. R.

App. P. 47.1.

**Child Support**

In his second issue, Keith argues that the trial court's final written decree ordered Keith to pay child support in an amount different from the amount the trial court orally pronounced at the conclusion of trial.

At the conclusion of trial on November 15, 2005, the trial court orally pronounced on the record that Keith's support obligation for the parties' two minor children was set at $1,450 per month, which is consistent with the standard support guidelines for someone with a monthly net income of $5,828, which the trial court stated was Keith's net income. *See* Tex. Fam. Code Ann. §§ 154.061, 154.125 (Vernon 2008). On October 16, 2006, the trial court signed a final decree of divorce finding that Keith's monthly net income was $6,000 and ordering him to pay $1,500 per month in child support, which again is consistent with the statutory guidelines for a person with $6,000 in net income.

On November 10, 2006, Keith filed a motion to modify, correct, or reform the judgment, asserting that the decree contained several errors, but he did not identify the inconsistent net-income finding and child support order as erroneous. The trial court signed a modified final decree on September 12,

2007.[3]  As in the original decree, in the corrected decree the trial court found that Keith's net income was $6,000 per month and ordered him to pay $1,500 per month in child support.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a); *see also* Tex. R. Evid. 103(a)(1).  If a party fails to do this, error is not preserved, and the complaint is waived.  *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).

From the partial record before us, it does not appear that Keith ever brought to the trial court's attention by request, objection, or motion the discrepancy between the trial court's oral pronouncement on child support and the amount it ordered Keith to pay in both the original and corrected decrees.  We therefore hold that Keith waived the alleged error.  Moreover, Keith does not challenge the trial court's explicit finding recited in both the original and corrected decree that his monthly net income is $6,000.  Under the family code guidelines, $1,500 is standard child support for someone who has two children and who's net income is $6,000 per month.  *See* Tex. Fam. Code Ann.

---

[3] The judge who signed the corrected decree (Hon. Nancy Berger) was not the same judge who presided at trial and signed the original decree and the order granting the motion to correct the decree (Hon. Frank Sullivan).

§ 154.125(b) (setting child support for two children at 25% of obligor's net resources).  We overrule Keith's third issue.

**Conclusion**

Having sustained Keith's first issue and overruled his third issue, we modify the corrected final decree of divorce to delete the reimbursement award and judgment in favor of Gwendyllyn's separate estate for $12,492.50 and add a judgment in favor of Keith for $4,983.50, and we affirm the decree as modified.  *See* Tex. R. App. P. 43.2(b).

ANNE GARDNER
JUSTICE

PANEL:  CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DELIVERED:  February 5, 2009