NUMBER
13-01-00517-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

                                                                                                                       
             

YSIDRO CAVAZOS, JR.,                                                     Appellant,

 

                                                   v.

 

JANIE MARIE CAVAZOS,                                                    Appellee.

                                                   
                                                                    

    On
appeal from the 404th District Court of Cameron County, Texas.

                                                                                                                       


                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                 Opinion by
Justice Hinojosa

 

This is a divorce
case.  In a single issue, appellant,
Ysidro Cavazos, Jr., contends the trial court abused its discretion in dividing
the marital estate.  We affirm.

A.  Background








Appellant and appellee,
Janie Marie Cavazos, were married in Cameron County in 1981.  Two children were born of the marriage.  In 1995, the parties purchased a
residence.  The parties separated in
1999, and appellant filed for divorce. 
The case was tried to the court, and the court rendered its decision on
February 6, 2001.  The decision was
reduced to writing, and the court signed the AFinal Decree of Divorce@ on March 1, 2001.

The record reflects
appellant earns approximately three times as much money
as appellee.  Appellee attended college,
but did not graduate.  Appellee received
vocational training as a nail technician, but did not complete her
certification.  Appellant is employed as
a handyman.

At the time of trial,
the parties= older child was
eighteen years old, and the younger child was thirteen years old.  Primary custody of the younger child was
awarded to appellee.  The parties= personal property and
debts were divided between them.  The
court also ordered the following:

IT IS HEREBY ORDERED,
ADJUDGED AND DECREED that the parties are to sell the community real property
located at 480 South Travis, San Benito, Cameron County, Texas after the minor
child YSIDRO CAVAZOS III turns eighteen on September 26, 2005 or graduates from
high school whichever occurs first: 
LEGAL DESCRIPTION: SAN BENITO B HEYWOOD LOT 5 BLK 6.

 

IT IS FURTHER ORDERED,
ADJUDGED AND DECREED that Petitioner YSIDRO CAVAZOS, JR. is awarded twenty
percent (20%) of the community property and Respondent JANIE MARIE CAVAZOS is
awarded eighty percent (80%) of the real estate equity after sale.

 

IT IS FURTHER ORDERED,
ADJUDGED AND DECREED that once the minor child reaches the age of eighteen or
is otherwise emancipated, the community residence shall immediately be listed
with a Realtor, specifically ERE, and all parties are Ordered to execute the
documents necessary to place the residence on the market at the market value or
appraisal value at that time.

 








IT IS FURTHER ORDERED that at all times, all
outstanding ad valorem taxes, insurance premiums, and/or related expenses be
paid by  Respondent
JANIE MARIE CAVAZOS.  Any ad valorem taxes owed at the time the real estate is sold is to be
taken from the proceeds due to Respondent JANIE MARIE CAVAZOS, as it is her
sole obligation to pay said taxes from February 2001 until paid.

 

  At the time of trial, there was no mortgage
on the parties= residence.

 

B.  Analysis


In a single issue, appellant contends the trial court abused its
discretion in awarding eighty percent of the net sale proceeds of the parties= residence to appellee
and twenty percent of the net sale proceeds of the parties= residence to appellant,
because the evidence does not support such a disparate property division.

Trial courts have wide discretion in the division of property upon
divorce and are allowed to take many factors into consideration in making a
just and right division. Schlueter v. Schlueter, 975
S.W.2d 584, 589 (Tex. 1998); Murff v. Murff, 615 S.W.2d 696, 698-99
(Tex. 1981).  Section 7.001 of the
family code provides:  AIn a decree of divorce
or annulment, the court shall order a division of the estate of the parties in
a manner that the court deems just and right, having due regard for the rights
of each party and any children of the marriage.@ Tex. Fam. Code Ann. ' 7.001 (Vernon 1998).  The trial court=s discretion is not unlimited, and some reasonable
basis must exist for an unequal division of the property.  O=Carolan v. Hopper, 71 S.W.3d 529, 532 (Tex. App.BAustin 2002, no pet.
h.); Zieba v. Martin, 928 S.W.2d 782, 790 (Tex. App.BHouston [14th Dist.]
1996, no writ).








When we review a trial
court=s division of marital
property, we presume the trial court exercised its discretion properly.  Vallone v. Vallone,
644 S.W.2d 455, 460 (Tex. 1982); Murff, 615 S.W.2d at 696.  We will not disturb a trial court=s ruling unless a
complainant has shown a clear abuse.  Vallone, 644 S.W.2d at 460; Cockerham v. Cockerham,
527 S.W.2d 162, 173 (Tex. 1975). 
A clear abuse of discretion is shown only if the division of property is
manifestly unjust and unfair.  Trevino
v. Trevino, 555 S.W.2d 792, 802 (Tex. App.BCorpus Christi 1977, no
writ).  The test for abuse of discretion
is not whether, in the opinion of the appellate court, the facts present an
appropriate case for the trial court=s action; rather, it is
a question of whether the trial court acted without reference to any guiding
rules or principles, and the mere fact that a trial judge may decide a matter
within his discretionary authority differently than an appellate judge does not
demonstrate such an abuse.  Jones v.
Jones, 804 S.W.2d 623, 624 (Tex. App.BTexarkana 1991, no
writ).

We conclude the trial
court=s award of eighty
percent of the net sale proceeds of the parties= residence to appellee
and twenty percent of the net sale proceeds of the parties= residence to appellant,
is not in and of itself a showing of a clear abuse of discretion.  The trial court considered a number of
factors in dividing this portion of the parties= estate, including: 
(1) the parties comparative expenditures; (2) the comparative
indebtedness of the parties; (3) the benefits received from the expenditures
and indebtedness of each party; (4) the parties= comparative education and employability; (5) the
parties= comparative incomes;
(6) the nature of the property involved; and (7) the tax consequences of the
division of the property.

Appellee was awarded
primary custody of the minor child. 
Because of the minor child, the court ordered that the parties= residence not be sold
until the date the child reaches the age of eighteen or graduates from high
school, whichever occurs first.  In the
interim, appellee was ordered to pay the taxes and expenses related to the
property.








At the time of trial,
appellant was earning approximately three times as much as appellee.  While appellee had almost finished college,
she had not done so; and 
though she had finished vocational training as a nail technician,
she had not been certified by the state. 
Appellant had more readily marketable job skills, and was potentially
able to earn significantly more income in the future than appellee would.  Debts were allocated according to who
acquired them, when, and for what purpose.  
          

We conclude the criteria used by the trial court constitutes a reasonable
basis for an unequal distribution of the property.  Further, the evidence supports a disparate
property division.  Accordingly, we hold
the trial court did not abuse its discretion in awarding eighty percent of the
net sale proceeds of the parties= residence to appellee
and twenty percent of the net sale proceeds of the parties= residence to
appellant.  Appellant=s sole issue is
overruled.

The trial court=s final decree of
divorce is affirmed.          

 

FEDERICO G.
HINOJOSA

Justice

 

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this the

11th
day of July, 2002.