Commission of Appeals of Texas, Section A.
Jan. 25, 1928.

Appeal and error ⬤⟝750(4)—Court of Civil Appeals cannot consider sufficiency of evidence to support finding under assignment of no evidence to make jury issue.

Court of Civil Appeals *held* without authority to consider question of sufficiency of evidence to support jury's finding under assignment of error that court erred in submitting issue to jury, in that there was no evidence before the jury on which to predicate finding, since question of sufficiency of evidence to support jury's finding is one of fact, whereas claim that there was no evidence raises question of law.

Certified Questions from Court of Civil Appeals of Eleventh Supreme Judicial District.

Suit by the Hall Music Company against Jim Robinson and others. From an adverse judgment, plaintiff appealed to the Court of Civil Appeals. On question certified from Court of Civil Appeals. Question answered.

Scarborough & Wilson, of Abilene, for appellant.

Stinson, Coombs & Brooks, of Abilene, for appellee.

HARVEY, P. J. Certified question from the Court of Civil Appeals for the First Supreme Judicial District. The certificate states the facts, so far as material here, as follows:

"Appellant, Hall Music Company, brought suit in the county court of Taylor county against the appellee Robinson on a promissory note alleged to have been executed by the defendant in favor of the plaintiff. Among other defenses presented by the defendant was a plea of payment. This issue was submitted to the jury and found in favor of appellee, and from a judgment on a special verdict of the jury in favor of appellee, appellant has appealed to this court. The only assignment relating to the matter of the sufficiency of the testimony is as follows: 'The court erred in submitting to the jury his special issue as follows: "Do you find that the payment of the said $52 as admitted by both parties constituted payment in full of said note by the defendant Robinson? Answer yes or no." To which question the jury answered, "Yes." Said verdict and judgment should be set aside and held for naught, for the reason that there was no evidence before the jury on which to predicate such a finding.' No written objections were presented to the charge and no peremptory instruction requested."

The certified question set out in the certificate reads as follows:

"Has this court the authority to consider the assignment as copied in the foregoing statement as an assignment raising the question of the sufficiency of the evidence to support the verdict of the jury?"

The assignment of error set out in the certificate relates to a question of law—that of no evidence to raise the issue of fact that was submitted to the jury. The question of the sufficiency of the evidence to support the finding of the jury under the special issue submitted to them is one of fact. The assignment does not call upon the court to decide the latter question; for this reason the court is not authorized to decide it under that assignment. T. & P. Ry. Co. v. Raney, 86 Tex. 367, 25 S. W. 11. See, also, Elec. Express & Baggage Co. v. Ablon, 110 Tex. 235, 218 S. W. 1030.

We recommend that the certified question be answered, "No."

CURETON, C. J. Opinion of the Commission of Appeals answering certified questions adopted, and ordered certified to the Court of Civil Appeals.

## WARD–HARRISON CO. et al. v. KONE et al.
## (No. 1035–4941.)

Commission of Appeals of Texas, Section A.
Feb. 1, 1928.

1. Equity ⬤⟝8—"Mistake of fact," of which equity takes cognizance, is unconscious ignorance or forgetfulness of existence or nonexistence of fact material to contract.

"Mistake of fact," of which equity takes cognizance, is an unconscious ignorance or forgetfulness of existence or nonexistence of a fact, past or present, material to the contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Mistake of Fact.]

2. Appeal and error ⬤⟝1094(2)—Finding of Court of Civil Appeals and trial court on fact issue is binding, notwithstanding there is evidence to sustain contrary finding.

Supreme Court is bound by finding of Court of Appeals and trial court on fact issue, notwithstanding there is evidence to sustain a contrary finding, if one had been made.

3. Subrogation ⬤⟝17—Mortgagee, paying first liens, became subrogated to rights of lienholders, though it took releases instead of formal assignment liens.

Mortgagee, paying off first liens, became subrogated to rights of such lienholders, though it took releases instead of formal assignment of liens, and is entitled to enforce such rights against holders of subsequent lien note other than such as purchased note for value without notice of such rights.

4. Vendor and purchaser ⬤⟝261(5)—Second lien note held secondary to subrogated rights of mortgagee, which had taken up and released prior liens under mistake of fact.

Where purchaser of second lien note had actual knowledge that mortgagee, paying off

⬤⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

first lien, and procuring releases from lienholders, did so under mistake of fact that former owner of note who executed subordination agreement was holder of note, such lien note *held* secondary to prior liens to which mortgagee became subrogated.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Action by H. D. Kone and others against the Ward-Harrison Company and others. To review judgment of Court of Civil Appeals (297 S. W. 294) affirming judgment rendered, defendants bring error. Affirmed.

Trippett, Boggess & Sheehy, of Waco, for plaintiff in error Kansas City Life Ins. Co.

Ross, Ross & Alexander, of Fort Worth, for plaintiffs in error.

Williamson & McDonnell, of Waco, for defendants in error.

HARVEY, P. J.    This case involves the question of priority of a certain vendor's lien for $7,200, held by H. D. Kone, trustee, over other liens claimed on the same land by the Kansas City Life Insurance Company, as assignee of the Ward-Harrison Mortgage Company. The material facts are substantially as follows:

On June 1, 1921, J. C. Harper deeded the land to Dave Harper. This deed was recorded on November 26, 1921. Against the land there existed outstanding liens approximating $10,000, which liens had been created by J. C. Harper's predecessors in title, and were of record. These liens constituted first or prior liens, and will be so designated in our discussion of the case. As part of the consideration for said conveyance, Dave Harper, as shown by recitals in the deed, assumed payment of these prior lien debts, and, in addition, executed his note to J. C. Harper for $7,200, which was secured by the vendor's lien reserved in the deed. Hence this vendor's lien was a second lien on the land covered by the prior liens. On December 26, 1921, J. C. Harper transferred this $7,200 note and lien to the Colonial Trust Company. This transfer was recorded on the day it was executed, but was not properly indexed. On April 28, 1922, Dave Harper made written application to the Ward-Harrison Mortgage Company for a loan of $25,000, offering as security, among other lands, the land incumbered by the liens mentioned above.

In the application, the several liens outstanding against this land were listed, including the $7,200 lien, which latter lien was described in the following words: "$7,200 due to Colonial Trust Company." The application specified that the proceeds of the loan sought were to be used "to take up and extend" the existing liens on the property. On August 14, 1922, the application for loan having met with favor, Dave Harper executed a deed of trust bearing date August 10, 1922, for the purpose of securing the loan of $25,000, evidenced by notes of Dave Harper to the Ward-Harrison Mortgage Company. This deed of trust embraced the land covered by the several liens that have been mentioned, and was recorded on August 14, 1922. In connection with the making of this loan, the Ward-Harrison Company had been furnished with an abstract of the title, duly certified by the abstractor as containing all instruments of record pertaining to the land here in question. But through oversight of the abstractor, resulting from the improper indexing of the instrument by the county clerk, the transfer of the $7,200 note and lien from J. C. Harper to the Colonial Trust Company was omitted from the abstract. On August 18, 1922, J. C. Harper, reciting in the instrument that he then was the legal owner and holder of the $7,200 note, executed a subordination agreement, by the terms of which he purported to subordinate the said note and lien to the $25,000 loan covered by the Ward-Harrison Company deed of trust. Acting in good faith and in reliance upon this instrument, and upon the abtract which had been furnished it, the Ward-Harrison Company proceeded, during the ensuing 30 days, to pay, from the proceeds of the $25,000 loan, the several prior lien debts. The holders of these several prior liens executed releases, and on September 30, 1922, these releases, together with the subordination agreement of J. C. Harper, were duly recorded. In these transactions it was the intention and purpose of the Ward-Harrison Company and Dave Harper to make the $25,000 loan a first lien on the land, and render it superior to the $7,200 note and lien. The Ward-Harrison Company had no present knowledge, when these transactions took place, that J. C. Harper was not the holder of said $7,200 note, but believed in good faith that he was; and further believed that its deed of trust lien was being made a first lien on the land by the transactions. Acting upon this belief, that company took releases from said prior lienholders instead of having the prior liens formally assigned to it.

On October 6, 1922, the Ward-Harrison Company assigned to the Kansas City Life Insurance Company, for a valuable consideration, the notes representing the $25,000 loan, and the lien securing same. On October 19, 1922, Dave Harper deeded the land in question to the Shear Company, subject to the $25,000 loan and the $7,200 vendor's lien note. This latter note matured on January 1, 1924. Some time prior to its maturity, the holder, the Colonial Trust Company, had a correct abstract made to the lands in question, which disclosed all the recorded instruments which have been mentioned. From an examination of these several instruments, the Trust Company,

through its vice president, Mr. Siddons, concluded that, inasmuch as the company had not authorized the subordination agreement which had been made by J. C. Harper respecting the $7,200 note, the note had come to be a first lien on the land by virtue of the recorded releases of the prior liens. Siddons thereupon notified the Shear Company of the coming maturity of said note, and demanded that it be paid when due. A Mr. Orrand, an officer of the Shear Company, called upon Mr. Siddons with reference to the Shear Company taking up the note. In the conversation which ensued, Siddons informed Orrand that the $7,200 note had become a first lien on the land, stating his reasons for that conclusion. Orrand assured Siddons that the note would be taken care of by his company. Thereafter negotiations were continued between the two companies looking to the taking up of the note by the Shear Company. At the request of the Shear Company, Mr. Siddons delivered to that company the correct abstract mentioned above. Afterwards the Shear Company paid the Colonial Company the amount due on the $7,-200 note, and had the latter company assign the note and lien to Harold Shear in trust for the Shear Company. The purpose of adopting this course was to preserve and keep alive the lien. In a subsequent rearrangement of the assets of the Shear Company between that company and the Shear Finance Corporation, a subsidiary company, the land and the $7,200 note were transferred to H. D. Kone in trust for the last-named corporation, whose name was later changed to "Cantrell Investment Company." Kone, as such trustee, brought the present suit on the $7,200 note. He seeks foreclosure of the vendor's lien as a first lien on the land in question. The Kansas City Life Insurance Company claims that it holds by subrogation the rights and liens of the prior lienholders whose claims were taken up with proceeds of the $25,000 loan. The trial court gave judgment sustaining this claim of the Life Insurance Company, and foreclosing the lien of that company, as a first lien, to the extent that proceeds of said loan were used in taking up the prior liens against the property. To this extent, the $7,200 lien was adjudged to be a second lien, and foreclosed as such. The Court of Civil Appeals affirmed the judgment of the trial court. Kone v. Harper, 297 S. W. 294.

[1, 2] A mistake of fact, of which equity takes cognizance, has been defined to be "an unconscious ignorance or forgetfulness of the existence or nonexistence of a fact, past or present, material to the contract." H. & T. C. Ry. v. McCarty, 94 Tex. 302, 60 S. W. 431, 53 L. R. A. 507, 86 Am. St. Rep. 854; 2 Pom. Eq. Jur. 839. An examination of the record here has convinced us that there is evidence to show that, in taking up the prior liens from the proceeds of the $25,000 loan, and procuring releases from the lienholders, the Ward-Harrison Company labored under a mistake of fact with respect to J. C. Harper being the holder of the $7,200 note. This was a fact issue raised by the evidence, which issue the trial court and the Court of Civil Appeals resolved in favor of the Kansas City Life Insurance Company, the assignee of the Ward-Harrison Company. We are bound by that finding, notwithstanding there is evidence to sustain a contrary finding, if one had been made.

[3] The direct result of the mistake was the taking of releases from the prior lienholders instead of formal assignment of their liens. The Court of Civil Appeals correctly held that the execution of these releases will not be regarded in equity as extinguishing those liens. The Ward-Harrison Company became subrogated to the rights of the prior lienholders, and its assignee, the Kansas City Life Insurance Company, is entitled to enforce those rights against any holder of the $7,200 note other than such as purchased same for value, without notice of such rights.

[4] The Court of Civil Appeals (as well as the trial court) found that the Shear Company bought the $7,200 note from the Colonial Trust Company, with notice of the mistake of the Ward-Harrison Company, and of the resulting rights of that company. There is evidence upon which to base this finding. Before the purchase of the note by the Shear Company, Mr. Siddons discussed with Mr. Orrand his reasons for believing the $7,200 lien to be a first lien. Among those reasons was the fact that J. C. Harper was without power or authority to make the subordination agreement that he did. In the negotiations leading up to the purchase of the note by the Shear Company, the latter company requested, and was furnished, a correct abstract, which disclosed all the instruments of record concerning this land. From these facts the trial court was authorized to infer that, when the Shear Company purchased the note, it had actual knowledge of all the facts revealed by the abstract. The evidence justifies the finding that the Shear Company was put on inquiry concerning the mistake of the Ward-Harrison Company and of the equities of that company in the premises. The inquiry, if followed up, would have led to full knowledge of the rights to which the Ward-Harrison Company and its assignee, the Kansas City Life Insurance Company, had become subrogated. This being so, the original status of the $7,200 lien, as a second lien, was maintained with respect to the prior liens to which the Ward-Harrison Company was subrogated, and the trial court and the Court of Civil Appeals properly so held. Under the facts of this case, the Cantrell Investment Company and H. D. Kone stand in the shoes of the Shear Company.

Finding no error in any of the matters complained of, we recommend that the judgment of the Court of Civil Appeals affirming the judgment of the trial court be affirmed.

.CURETON, C. J. Judgments of the Court of Civil Appeals and district court both affirmed, as recommended by the Commission of Appeals.