Daniel J. LANGSTON, Appellant,

v.

Wendy LANGSTON, Appellee.

No. 11–01–00205–CV.

Court of Appeals of Texas,
Eastland.

June 13, 2002.

14. Mailmasters' name appears on the cover of the brief.

Larry D. Robertson, Schulz & Robertson, Abilene, for appellant.

Robert D. Miller, Big Spring, for appellee.

Panel consists of ARNOT, C.J., and McCALL, J., and DICKENSON, S.J.[*]

Opinion

**W.G. ARNOT, III, Chief Justice.**

The trial court granted Wendy Langston's petition for divorce. As a part of the final decree, the trial court awarded Daniel J. Langston's separate real estate to Wendy. In his sole issue on appeal, Daniel argues that the trial court abused its discretion in divesting him of his separate real property. We agree. The judgment of the trial court as to the division of property is reversed, and the cause is remanded.

Daniel did not file an answer, appear, or testify in this divorce action. At a bench trial, Wendy asked for a default judgment. Wendy testified that Daniel owned the house and property located at 3307 Cornell, Big Spring, prior to their marriage. Daniel was still living in the residence at the time of the divorce. During their marriage, Daniel and Wendy obtained a home equity loan and used the property as security. Wendy testified that the loan was for the purpose of refinancing the debt on the property. At the time of the hearing, the loan had an outstanding balance of $55,550.37. No payments had been made for four months. The insurance on the

---

[*] Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

property lapsed, and taxes were due. The lienholder had contacted Wendy regarding their delinquency in the payments. Daniel and Wendy were both personally liable for the debt.

In granting Wendy's petition for divorce, the trial court said:

I'm going to divide the estate of the marriage in accordance with the testimony here today....And specifically with regard to the house on Cornell, I am going to award [Wendy] the entirety of the community's interest in that property as brought about by the execution of the refinancing documents.

In contrast to the trial court's oral pronouncement, the judgment in this case recites:

IT IS ORDERED AND DECREED that the wife, WENDY LANGSTON, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property:

W–1. The following real property is found by the Court to be the separate property of the Husband. However, there is an encumbrance upon the property which is a community debt liability of $55,530.58. Such debt exceeds the fair market value of the property. The Husband has been delinquent in the payment upon such debt, failed to maintain hazard insurance and failed to pay real property taxes as the same became due. The Wife is personally liable upon such indebtedness and there is not any community assets which can be awarded to the Wife to compensate the excess liability to which the Wife is exposed. *The Court therefore finds that for a just and proper division of the assets and the debts that the Husband be divested of his separate property interest and that the following real property be awarded to the Wife along with the com-munity indebtedness in order that the Wife may properly discharge such debt and personal liability of the Wife.* The Wife is also awarded any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security access and code, garage door opener, warranties and service contracts, and title and closing documents in and to the following property:

a. 3307 Cornell, Big Spring, Howard County, Texas

All of Lot No. Four (4) in Block No. Twenty Seven (27), College Park Estates. (Emphasis added)

Wendy urges that, after the recent amendments to TEX. FAM. CODE ANN. §§ 3.401 et seq. (Vernon Supp. 2002), the trial court in a divorce action can now divest a person of his separate property. We disagree. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 142 (Tex. 1977); *see also Cameron v. Cameron*, 641 S.W.2d 210 (Tex.1982). Although courts are given broad discretion in the division of community property in a divorce action, that discretion does not enable the trial court to divest one spouse of separate property and award it to the other spouse.

Property owned by a spouse before marriage remains the separate property of that spouse during marriage. TEX. CONST. art. XVI, § 15; TEX. FAM. CODE ANN. § 3.001 (Vernon Supp.2002). Once property is characterized as separate property, that character does not change although the property is improved with community funds. *Leighton v. Leighton*, 921 S.W.2d 365, 367 (Tex.App.-Houston [1st Dist.] 1996, no writ).

During the marriage, Daniel and Wendy took out a home equity loan which was secured by Daniel's separate real property. A marital estate that makes an economic contribution to property owned by another

estate has a claim for economic contribution with respect to the benefitted estate. Section 3.403(a). Wendy testified that the property had an appraised value of $68,000 but that, under a forced sale, would only bring about $38,000 based on her observations of other property in the neighborhood. This home equity loan created a viable community interest claim for economic contribution if the community funds were used to satisfy, in whole or in part, Daniel's separate property obligation on his separate property real estate. Sections 3.402 & 3.403.

Ownership interests are determined according to the inception of title rule. TEX. FAM. CODE ANN. § 3.006 (Vernon Supp.2002). A claim for economic contribution made by the community estate against separate property of a spouse does not affect the rule of inception of title under which the character of the property at the time the right to own or claim the property arises. Section 3.404(a). A claim for economic contribution does not create an ownership interest in the property; it merely creates a claim against the property of the benefitted estate which matures upon the termination of the marriage. See Section 3.404(b). In making its just and right division of property upon divorce, the trial court may also be required to make a division of a claim for economic contribution of the community marital estate in the separate marital estate of a spouse. TEX. FAM. CODE ANN. § 7.007 (Vernon Supp. 2002). In making this division upon termination of the marriage, the court *shall* impose an equitable lien on property of a marital estate to secure a claim for economic contribution in that property by another marital estate. Section 3.406.

The spouse seeking to impose a lien on the other spouse's separate property to secure the claim for economic contribution would necessarily have to bring forth sufficient evidence for the fact finder to determine the enhancement value to the separate property. In this case, the evidence shows that the marriage was but for a short time. In the record, the trial court refers to a refinancing statement for the home equity loan, but that document does not appear to have been introduced into evidence. Because this appeal is based on a default judgment, the economic contribution made by the community marital estate to Daniel's separate property was not well developed. For example, see SAMPSON & TINDALL'S TEXAS FAMILY CODE ANNOTATED, Chapter 3, subchapter E (2001)(Guest Commentary by State Representative Toby Goodman, Chairman, Juvenile Justice and Family Issues Committee).

The underlying but ultimate issue in this case is whether the imposition and foreclosure of an equitable lien against a spouse's separate property is tantamount to divesting that spouse of his separate property. It is not. Although a court cannot divest a spouse of his separate property, the trial court must impose an equitable lien on that spouse's separate property to secure the other spouse's claim for economic contribution. That lien, if not satisfied, is subject to foreclosure as any other judgment lien.[1] However, the court cannot abrogate the safeguards provided by the procedures to foreclose a judgment lien by directly divesting title to one's separate property and vesting title in another.

The *Eggemeyer* court addressed two issues in explaining the constitutional pro-

---

1. The issue of whether a Section 3.406 lien can be foreclosed on a spouse's separate property which is homesteaded is not before us. Section 3.406(c); also generally see *Heg-* *gen v. Pemelton,* 836 S.W.2d 145 (Tex.1992); *Falor v. Falor,* 840 S.W.2d 683 (Tex.App.-San Antonio 1992, no writ).

tection prohibiting a trial court from divesting title to one's separate property in making its just and right division of property upon divorce. First, referencing Article XVI, section 15, the court said:

> If one spouse's separate property may by a divorce decree be changed from the separate property of the one spouse into the separate property of the other, there is a type of separate property which is not embraced within the constitutional definition of the term.

*Eggemeyer v. Eggemeyer, supra* at 140. The imposition of a lien on the separate property does not change the nature or definition of the property.

Second, the *Eggemeyer* court observed that divesting one spouse's separate property by divorce decree violated TEX. CONST. art. I, § 15. This section provides that no citizen of this state shall be deprived of his property except by due course of law of the land, that being both procedural and substantive due course. The requisite procedures for foreclosure of a lien against real property would not deny either spouse of his right to due course of law. See TEX.R.CIV.P. 621.

██ A trial court has broad discretion in dividing the marital estate in a manner that the court deems just and right. See TEX. FAM. CODE ANN. § 7.001 (Vernon 1998); *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex.1981); *Smith v. Smith*, 22 S.W.3d 140, 143 (Tex.App.-Houston [14th Dist.] 2000, no pet'n). We will not disturb a trial court's property division unless the trial court clearly abuses that discretion. *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex.1974); *Smith v. Smith*, supra at 143. The trial court has no discretion to divest a spouse of his separate property. *Cameron v. Cameron*, supra at 220; *Osborn v. Osborn*, 961 S.W.2d 408, 413–14 (Tex.App.-Houston [1st Dist.] 1997, writ den'd).

By awarding Daniel's separate property to Wendy, the trial court abused its discretion in the division of the estate of the parties. Daniel's sole issue on appeal is sustained. The decree of the trial court is reversed, and the cause is remanded.