MEMORANDUM OPINION

No. 04-04-00196-CV

Carmen B. AVILA,
Appellant

v.

Ynocencio A. AVILA,
Appellee

From the 229th Judicial District Court, Jim Hogg County, Texas
Trial Court No. CC-03-85
Honorable Alex W. Gabert, Judge Presiding
 
Opinion by:    Karen Angelini, Justice
 
Sitting:            Catherine Stone, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   March 30, 2005

AFFIRMED
            Carmen Avila appeals from the final decree of divorce signed by the trial court on February
25, 2004. Carmen presents three issues for review: (1) the trial court erred in concluding that a claim
for economic contribution is an equitable remedy; (2) the court erred in not finding that the Appellant
made an economic contribution of $7,294.98 benefitting the Appellee’s estate; and (3) the trial court
erred in concluding that it could not calculate her claim for economic contribution under section
3.403(b) of the Texas Family Code. We overrule all three issues and affirm the judgment of the trial
court. 
BACKGROUND
            Carmen and Ynocencio married on July 18, 1995, and ceased to live together as husband and
wife on or about August 1, 2003. Each party brought substantial separate property assets into the
marriage. Specifically, Ynocencio owned two pieces of property in Jim Hogg County, a 10.2 acre
tract of land known to the parties as “El Ranchito”and another tract known to the parties as “Loma
Blanca.”


 
            Following Ynocencio and Carmen’s marriage, in approximately 1996 or 1997, Carmen
proposed that they tear down the existing home on the “El Ranchito” land and erect a much larger,
dream home. Although initially reluctant to the idea, Ynocencio ultimately contracted to have the
old structure demolished and began the construction of the new residence. Ynocencio and Carmen
executed a 30-year mortgage loan on the new home for $182,047.00. Following its completion, both
parties lived in the home until Carmen moved to San Antonio in August of 2003. 
            Upon divorce, the trial court found that the new marital home erected on the “El Ranchito”
property was Ynocencio’s separate property. In addition, the trial court found that the “Loma
Blanca” property remained part of Ynocencio’s separate estate. In her First Amended Petition to the
trial court, Carmen requested that the court grant her claim of economic contribution for monies she
expended for the benefit of Ynocencio’s separate property. In its final decree of divorce, the trial
court denied Carmen’s claim for economic contribution due to the absence of information necessary
to make a calculation of economic contribution. Carmen appeals from this decision of the trial court.ECONOMIC CONTRIBUTION
             In three issues on appeal, Carmen contends that the trial court erred in failing to award any
economic contribution for payments made by her separate estate for the benefit of Ynocencio’s
separate estate. A marital estate that makes an economic contribution to property owned by another
marital estate has a claim for economic contribution with respect to the benefitted estate. See TEX.
FAM. CODE ANN. § 3.403(a) (Vernon Supp. 2004-05). Nevertheless, economic contribution does
not equal to the amount of money paid by one estate to another estate. See generally DON KOONS,
HANDBOOK OF TEXAS FAMILY LAW § 10.25 (2002). Instead, by statutory definition, economic
contribution reflects a betterment of one marital estate by an advancement made by another marital
estate and concerns sharing between estates any enhanced value which the contributing estate helped
create. Id.; see TEX. FAM. CODE ANN. § 3.402 (Vernon Supp. 2004-05). Specifically, it must
reduce the principal amount of a debt secured by the property, refinance such debt to the extent it
reduces the principal amount, or make capital improvements to the benefitted estate. See TEX. FAM.
CODE ANN. § 3.402(a)(1), (5), (6) (Vernon Supp. 2004-05). After an economic contribution has
been established, we apply a mathematical formula to determine the allocation of the enhanced value
between the contributing and benefitting estates.


 See TEX. FAM. CODE ANN. § 3.403(b) (Vernon
Supp. 2004-05); LaFrensen v. LaFrensen, 106 S.W.3d 876, 879 n.2 (Tex. App.—Dallas 2003, no
pet.). 
            Here, it is undisputed that Carmen made substantial disbursements from her personal
checking and retirement accounts during the parties’ marriage.


 Carmen failed, however, to meet
her burden of showing that these disbursements were made either to reduce the principal amount of
debt or to make capital improvements to the property. See Langston v. Langston, 82 S.W.3d 686,
689 (Tex. App.—Eastland 2002, no pet.). Moreover, Carmen failed to bring forth sufficient
evidence for the court to make the calculations necessary to determine the allocation of the enhanced
value between the contributing and benefitting estates. See TEX. FAM. CODE ANN. § 3.403 (Vernon
Supp. 2004-05). In most instances, three items will be needed to calculate the claim for economic
contribution: (1) the equity value of the property at the date of marriage, or the value on the date
contribution was started or made, if later; (2) the equity value of the property at the date of divorce;
and (3) the dollar amount of the economic contribution. See TEX. FAM. CODE ANN. § 3.403 (b)
(Vernon Supp. 2004-05). Here, however, Carmen failed to present evidence to the trial court
regarding the equity values of the properties as of the date of the first contribution to those separate
properties, as well as any evidence of the additional contribution to the equity by Carmen’s estate
from that point forward. Thus, we cannot make the calculations required by law without speculating
as to the pertinent values. Accordingly, we overrule all issues on appeal.
CONCLUSION
            Having overruled all issues, we affirm the judgment of the trial court. 
 
Karen Angelini, Justice