Daniel J. LANGSTON, Appellant,

v.

GMAC MORTGAGE CORPORATION, Appellee.

No. 11–04–00277–CV.

Court of Appeals of Texas, Eastland.

Dec. 15, 2005.

14. *See* Tex.R.App. P. 44.2(b).

15. *See id.*

Larry D. Robertson, Schulz & Robertson, Abilene, for appellant.

Robert D. Miller, Big Spring, for other interested party.

Drew Mouton, Mouton & Mouton, Big Springs, for appellee.

Panel consists of: WRIGHT, C.J., and McCALL, J., and, STRANGE, J.

## OPINION

TERRY McCALL, Justice.

This appeal involves the imposition of a real estate lien under the doctrine of equitable subrogation. It arises out of a divorce proceeding which we have previously considered. *See Langston v. Langston,* 82 S.W.3d 686 (Tex.App.-Eastland 2002, no pet.). In that appeal, we held that the trial court erred by divesting Daniel J. Langston of a tract of land which was his separate property. GMAC Mortgage Corporation (GMAC) intervened in the divorce action after we reversed and remanded the trial court's division of property. *Langston,* 82 S.W.3d at 687. GMAC sought to impose a lien on a parcel of real property which was the subject of the previous appeal. The trial court granted GMAC's motion for summary judgment by imposing a lien on Daniel's separate real property. We affirm.

### Background Facts

During the course of their marriage, Daniel and Wendy Langston entered into a home equity loan agreement with Citizens Federal Credit Union (Citizens) which created a home equity lien against Daniel's separate real property. As noted in our previous opinion, the trial court divested Daniel of this property by awarding the tract to Wendy. *Langston,* 82 S.W.3d at 688. The trial court also ordered that Wendy would be responsible for the entire community property debt owed to Citizens.

The event leading to GMAC's involvement occurred during the pendency of the previous appeal. Wendy refinanced the indebtedness owed to Citizens by obtaining a home equity loan from GMAC. Wendy used the proceeds of the GMAC loan to extinguish the debt owed to Citizens. She executed a written security instrument to establish a first lien on the property in favor of GMAC to secure the loan. GMAC filed its petition in intervention in the divorce action after we remanded the property division to the trial court. GMAC sought a declaration that its real estate lien is enforceable against the property under the doctrine of equitable subrogation even though Daniel did not execute a security instrument in favor of GMAC.

### Standard of Review

This appeal involves the review of a traditional motion for summary judgment. We will apply the well-recognized standard

of review for traditional summary judgments. We must consider the summary judgment evidence in the light most favorable to the nonmovant, indulging all reasonable inferences in favor of the nonmovant, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546 (Tex.1985); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex.1979).

### Analysis

■ Under the doctrine of equitable subrogation, a third party who pays a debt at the request of the debtor may under certain circumstances be subrogated to the creditor's security interest for the debt which has been discharged. *First Nat'l Bank of Kerrville v. O'Dell*, 856 S.W.2d 410, 415 (Tex.1993). The purpose of the doctrine is to prevent the unjust enrichment of the debtor who owed the debt that is paid. *First Nat'l Bank of Kerrville*, 856 S.W.2d at 415. The doctrine of equitable subrogation "is not applied for the mere stranger or volunteer who has paid the debt of another, without any assignment or agreement for subrogation, without being under any legal obligation to make payment, and without being compelled to do so for the preservation of any rights or property of his own." *First Nat'l Bank of Kerrville*, 856 S.W.2d at 415.

Daniel's sole appellate issue is directed toward the "volunteer" exception to the equitable subrogation doctrine. He argues that a fact issue exists with regard to whether GMAC voluntarily paid the debt owed to Citizens. Daniel contends that GMAC was not obligated to provide funds for extinguishing the debt owed to Citizens "as far as [he] is concerned." We conclude that the undisputed facts conclusively establish the existence of GMAC's lien under the doctrine of equitable subrogation.

■ The trial court's previous judgment awarded the tract at issue to Wendy. Accordingly, she was entitled to exercise ownership rights with respect to the property during the pendency of the appeal. *See* TEX.R.APP. P. 25.1(g).[1] During this period, Wendy extinguished the debt she and Daniel owed to Citizens with the proceeds of the loan she obtained from GMAC.[2] GMAC did not voluntarily pay the debt owed to Citizens; it did so at the request of one of Citizens' debtors. *See First Nat'l Bank of Kerrville*, 856 S.W.2d at 415. Furthermore, GMAC made the advance with the express agreement that it would have a first lien on the property. As held in *Kone v. Harper*, 297 S.W. 294, 297 (Tex.Civ.App.-Waco 1927), *aff'd sub nom. Ward–Harrison Co. v. Kone*, 1 S.W.2d 857 (Tex. Comm'n App.1928, holding approved):

> One who advances money to pay off an incumbrance on realty at the instance of either the owner of the property or the holder of the incumbrance, either on the express understanding or under circumstances from which an understanding will be implied, that the advance made is to be secured by a first lien on the land, is not a mere volunteer.

---

1. The record does not indicate that Daniel superseded the previous judgment pursuant to TEX.R.APP. P. 24.

2. Even though the tract of real property constituted Daniel's separate property, both he and Wendy executed the written instrument which created Citizens' security interest in the property. The instrument specified that Daniel and Wendy possessed the right to grant and convey the security interest created by the document. The instrument further provided that Daniel and Wendy were jointly and severally liable for complying with the document's terms and that their successors and assigns were also bound.

While Daniel did not participate in obtaining the loan from GMAC, he benefitted from the loan because it extinguished the prior lien on the property. Daniel's sole appellate issue is overruled.

### This Court's Ruling

The judgment of the trial court is affirmed.