Opinion filed December 15, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 15, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00277-CV 

                                                    __________

 

                                   DANIEL J. LANGSTON, Appellant

 

                                                             V.

 

                        GMAC
MORTGAGE CORPORATION, Appellee

 



 

                                         On
Appeal from the 118th District Court

 

                                                        Howard
County, Texas

 

                                                    Trial
Court Cause No. 41497

 



 

                                                                   O
P I N I O N

 








This appeal involves the imposition of a real
estate lien under the doctrine of equitable subrogation. It arises out of a
divorce proceeding which we have previously considered.  See Langston v. Langston, 82 S.W.3d
686 (Tex. App.CEastland
2002, no pet.).  In that appeal, we held
that the trial court erred by divesting Daniel J. Langston of a tract of land
which was his separate property.  GMAC
Mortgage Corporation (GMAC) intervened in the divorce action after we reversed
and remanded the trial court=s
division of property.  Langston,
82 S.W.3d at 687.  GMAC sought to impose
a lien on a parcel of real property which was the subject of the previous
appeal.  The trial court granted GMAC=s motion for summary judgment by
imposing a lien on Daniel=s
separate real property.  We affirm.

                                                               Background
Facts

During the course of their marriage, Daniel and
Wendy Langston entered into a home equity loan agreement with Citizens Federal
Credit Union (Citizens) which created a home equity lien against Daniel=s separate real property.  As noted in our previous opinion, the trial
court divested Daniel of this property by awarding the tract to Wendy.  Langston, 82 S.W.3d at 688.  The trial court also ordered that Wendy would
be responsible for the entire community property debt owed to Citizens.

The event leading to GMAC=s
involvement occurred during the pendency of the previous appeal.   Wendy refinanced the indebtedness owed to
Citizens by obtaining a home equity loan from GMAC.  Wendy used the proceeds of the GMAC loan to
extinguish the debt owed to Citizens. 
She executed a written security instrument to establish a first lien on
the property in favor of GMAC to secure the loan.  GMAC filed its petition in intervention in
the divorce action after we remanded the property division to the trial
court.  GMAC sought a declaration that
its real estate lien is enforceable against the property under the doctrine of
equitable subrogation even though Daniel did not execute a security instrument
in favor of GMAC.

                                                              Standard
of Review

This appeal involves the review of a traditional
motion for summary judgment. We will apply the well-recognized standard of
review for traditional summary judgments. 
We must consider the summary judgment evidence in the light most
favorable to the nonmovant, indulging all reasonable inferences in favor of the
nonmovant, and determine whether the movant proved that there were no genuine
issues of material fact and that it was entitled to judgment as a matter of
law.  Nixon v. Mr. Prop. Mgmt. Co.,
Inc., 690 S.W.2d 546 (Tex. 1985); City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671 (Tex. 1979).

                                                                        Analysis








Under the doctrine of equitable subrogation, a
third party who pays a debt at the request of the debtor may under certain
circumstances be subrogated to the creditor=s
security interest for the debt which has been discharged.  First Nat=l
Bank of Kerrville v. O'Dell, 856 S.W.2d 410, 415 (Tex. 1993).  The purpose of the doctrine is to prevent the
unjust enrichment of the debtor who owed the debt that is paid.  First Nat=l
Bank of Kerrville, 856 S.W.2d at 415. 
The doctrine of equitable subrogation Ais
not applied for the mere stranger or volunteer who has paid the debt of
another, without any assignment or agreement for subrogation, without being
under any legal obligation to make payment, and without being compelled to do
so for the preservation of any rights or property of his own.@ 
First Nat=l
Bank of Kerrville, 856 S.W.2d at 415.

Daniel=s
sole appellate issue is directed toward the Avolunteer@ exception to the equitable subrogation
doctrine.  He argues that a fact issue
exists with regard to whether GMAC voluntarily paid the debt owed to
Citizens.  Daniel contends that GMAC was
not obligated to provide funds for extinguishing the debt owed to Citizens Aas far as [he] is concerned.@ 
We conclude that the undisputed facts conclusively establish the
existence of GMAC=s lien
under the doctrine of equitable subrogation.

The trial court=s
previous judgment awarded the tract at issue to Wendy.  Accordingly, she was entitled to exercise
ownership rights with respect to the property during the pendency of the
appeal.  See Tex. R. App. P. 25.1(g).[1]  During this period, Wendy extinguished the
debt she and Daniel owed to Citizens with the proceeds of the loan she obtained
from GMAC.[2]  GMAC did not voluntarily pay the debt owed to
Citizens; it did so at the request of one of Citizens=
debtors.  See First Nat=l Bank of Kerrville, 856 S.W.2d at
415.  Furthermore, GMAC made the advance
with the express agreement that it would have a first lien on the
property.  As held in Kone v. Harper,
297 S.W. 294, 297 (Tex. Civ. App.CWaco
1927), aff=d
sub nom. Ward-Harrison Co. v. Kone, 1 S.W.2d 857 (Tex. Comm=n App. 1928, holding approved):

One
who advances money to pay off an incumbrance on realty at the instance of
either the owner of the property or the holder of the incumbrance, either on
the express understanding or under circumstances from which an understanding
will be implied, that the advance made is to be secured by a first lien on the
land, is not a mere volunteer.

 








While Daniel did not participate in obtaining the loan from GMAC,
he benefitted from the loan because it extinguished the prior lien on the
property.  Daniel=s
sole appellate issue is overruled.

                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

December 15, 2005

Panel
consists of:  Wright, C.J., and

McCall,
J., and, Strange, J.











     [1]The
record does not indicate that Daniel superseded the previous judgment pursuant
to Tex. R. App. P. 24.  





     [2]Even
though the tract of real property constituted Daniel=s separate property, both he and Wendy executed the
written instrument which created Citizens= security
interest in the property.  The instrument
specified that Daniel and Wendy possessed the right to grant and convey the
security interest created by the document. 
The instrument further provided that Daniel and Wendy were jointly and
severally liable for complying with the document=s terms
and that their successors and assigns were also bound.