In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00537-CV
_____

DANIEL G. JOHNSON, Appellant

V.

ANNA MAINES JOHNSON, Appellee

On Appeal from the County Court at Law No. 2
Orange County, Texas
Trial Cause No. E-120748-D

MEMORANDUM OPINION

Anna Maines Johnson filed for divorce from Daniel G. Johnson. After a bench trial, the trial court entered a Final Decree of Divorce and issued Findings of Fact and Conclusions of Law. In three stated appellate issues, Daniel challenges the trial court's refusal to grant his reimbursement claim. Daniel contends that: (1) the trial court divested him of his "separate property" contrary to the Texas Constitution article I, section fifteen and article XVI, section fifteen; (2) the evidence is legally and factually insufficient to support the trial court's finding of

fact number eleven; and (3) the trial court's conclusion of law number four is erroneous. We affirm the trial court's judgment.

At the time Anna and Daniel married in April of 2005, they each owned separate property. Anna's home, "the Buccaneer property," was awarded to her in a prior divorce. Daniel owned a home located on Maplewood, "the Maplewood property."

On June 28, 2013, the trial court held a bench trial. At trial, Anna testified that she is disabled and cannot work. She testified that she acquired the "Buccaneer property" during a prior marriage. Daniel testified that, three days before his marriage to Anna, he paid approximately $70,000 to pay off the mortgage on the "Buccaneer property." Anna admitted that Daniel paid off a loan on the "Buccaneer property," but she also testified that she used her retirement funds to pay off a lien on the "Maplewood property" and to pay taxes and upkeep on both the "Buccaneer property" and the "Maplewood property."

Prior to the final hearing, Anna and Daniel agreed to sell the "Buccaneer property" to Anna's daughter and son-in-law, and the transaction closed. The money from the sale of the "Buccaneer property," $85,000.00 (less certain amounts), was placed into an escrow account. Daniel requested that he be reimbursed for the $70,000.00 he used to pay off the "Buccaneer property." Anna

2

argued that she should be allowed to retain all of the proceeds from the sale of the "Buccaneer property." Anna requested reimbursement for the funds she spent. Anna claimed that she depleted her retirement of approximately one hundred thousand dollars on items paid for both the "Buccaneer property" and the "Maplewood property." Anna also claimed that she had documentation or records to show her claim but Daniel would not give her access to the records.

The trial court awarded the proceeds from the sale of the "Buccaneer property" solely to Anna and did not order the reimbursement requested by Daniel. The trial court awarded the "Maplewood property" solely to Daniel. The trial court did not award any reimbursement to Anna for the amounts she stated she paid toward the lien on that property. In finding of fact number eleven, the trial court found that "Each party made reimbursement claims regarding the home owned by the other. [Anna] states that [Daniel] would not give her access to the records that would prove her claims. [Daniel] stated that he paid $70,000 toward the loan on [Anna's] home but did not offer any documentation to support his claims." The trial court concluded in conclusion of law number four that "[Daniel] failed to meet his required burden of proof regarding his reimbursement claims against [Anna's] separate property."

We review appealable issues in a family law case regarding property division incident to divorce under an abuse of discretion standard. *Garcia v. Garcia*, 170 S.W.3d 644, 648 (Tex. App.—El Paso 2005, no pet.). The test for an abuse of discretion is "whether the court acted without reference to any guiding rules and principles." *Id.* at 649; *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court is afforded broad discretion in its division of marital property upon divorce. *See Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *see also* Tex. Fam. Code Ann. § 7.001 (West 2006) ("the court shall order a division of the estate of the parties in a manner that the court deems just and right"). In reviewing a trial court's division of a marital estate, we presume that the trial court properly exercised its discretion. *Burney v. Burney*, 225 S.W.3d 208, 215 (Tex. App.—El Paso 2006, no pet.). The party challenging the division bears the burden of demonstrating from the evidence in the record that the trial court's division was "so unjust and unfair as to constitute an abuse of discretion." *Id.* at 472-73; *Chafino v. Chafino*, 228 S.W.3d 467, 472 (Tex. App.—El Paso 2007, no pet.).

A claim for reimbursement includes a payment made by one marital estate of the unsecured liabilities of another marital estate. Tex. Fam. Code Ann. § 3.402(a) (West Supp. 2014); *Vallone v. Vallone*, 644 S.W.2d 455, 459 (Tex. 1982).

4

The party claiming a right of reimbursement must prove that the expenditures were made and are reimbursable. *Vallone*, 644 S.W.2d at 459. "Reimbursement is not available as a matter of law, but lies within the discretion of the court." *Id*. We will not disturb the trial court's ruling on a claim for reimbursement absent a clear abuse of discretion. *Id*. at 460.

During his testimony, Daniel indicated that he had documentation to support his investments. However, other than Daniel's own testimony, the record contains no such documentation establishing the amount of any funds Daniel claims he expended on the "Buccaneer property." The absence of corroborating documentation would be something the trial court could have considered when determining the credibility and the weight to be given Daniel's testimony. *See Sheikh v. Sheikh*, No. 01-05-00218-CV, 2007 Tex. App. LEXIS 8757, at *20 (Tex. App.—Houston [1st Dist.] Nov. 1, 2007, no pet.) (mem. op.). As factfinder, the trial court was entitled to reject Daniel's testimony and conclude that Daniel failed to meet his burden of proving a right to reimbursement. *See In the Interest of M.G.M.*, 163 S.W.3d 191, 202 (Tex. App.—Beaumont 2005, no pet.) ("The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given to their testimony."). Notably, the trial court also rejected the reimbursement claim made by Anna for the amounts she claimed she paid toward Daniel's separate

property. We cannot reweigh the evidence or substitute our judgment for that of the trial court. *See id.* Accordingly, we conclude that the trial court did not abuse its discretion by denying Daniel's claim for reimbursement. *See Vallone*, 644 S.W.2d at 459-60. We further conclude that there was legally and factually sufficient evidence to support the trial court's finding of fact number eleven, and that the trial court did not err in reaching conclusion of law number four, that Daniel failed to meet his required burden of proof regarding his reimbursement claim.

Daniel also argues that by rejecting his reimbursement claim the trial court "divest[ed] [Daniel] of his separate property in the divorce decree contrary to [article I, section 15 of] the Texas Constitution[,]" citing to *Langston v. Langston*, 82 S.W.3d 686 (Tex. App.—Eastland 2002, no pet.). We disagree. In *Langston*, the trial court found the real property to be the separate property of the husband and then in the final judgment expressly divested the husband of his separate property and awarded the real property to the wife, along with the indebtedness on the real property. *Id*. at 688. The Eastland Court of Appeals concluded that the trial court abused its discretion because the trial court cannot divest separate property from one spouse and award it to the other spouse. *Id*. In the case at bar, the trial court found that the "Buccaneer property" was Anna's separate property. The trial court

did not divest Daniel of his separate real property and then award it to Anna. Rather, the trial court concluded that Daniel failed to meet his burden of proof on his reimbursement claim. Accordingly, we overrule Daniel's issues and affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on October 13, 2014
Opinion Delivered November 13, 2014

Before Kreger, Horton, and Johnson, JJ.